IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO NUNEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | 3:23-cv-00021-CB-KT |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| SERGEANT POBORSKY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case has been referred to United States Magistrate Judge Kezia O. L. Taylor for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On August 1, 2024, the Magistrate Judge issued a Report (Doc. 48) recommending that Defendants' Motion for Summary Judgment (Doc. 26) be granted in part and denied in part. Service of the Report and Recommendation ("R&R") was made, and no objections have been filed.

After a review of the pleadings and documents in the case, together with the R&R, it hereby is **ORDERED** that Defendants' Motion for Summary Judgment (Doc. 26) is **GRANTED** as to Counts II and VI of the Complaint (Doc. 1-1), and **DENIED** regarding Counts I, III, IV and V. The R&R (Doc. 48) is adopted as the Opinion of the District Court, including its recognition that Plaintiff has foresworn compensatory damages. *Id.* at 16-17.

For the purposes of the remaining claims, Plaintiff's recognition that he has not suffered compensatory injury is significant. The Complaint evinces his understanding, given its repeated references to nominal and punitive damages. *See* Doc. 1-1 at wherefore clauses in Counts I

through V.  A mere listing of Plaintiff's "related" cases confirms, this is not his first rodeo.  *See* Case Dkt., listing related cases 3:18-cv-00129-KRG-LPL; 3:18-cv-00165-KRG-LPL; 3:20-cv-00146-LPL; 3:20-cv-00208-LPL; 3:20-cv-00226-LPL.

Plaintiff's grievances, as listed by the Defendants and confirmed in his briefing, boil down to allegedly missing a 2-hour library visit, a single meal, recreation time and one shower.  *See* Pl.'s Doc. 46 at 1; Doc. 48 at 8, 13.  Although the Magistrate Judge correctly limited her analyses to the challenges before her, the Court is not convinced that the claimed deprivations – even in combination – are sufficient to support an award of punitive damages.

Plaintiff's one other claim, regarding "misconduct [report] D055500" against him, led to a sentence of 20 days in disciplinary custody.  Doc. 48 at 6.  This, his most significant deprivation, resulted from a hearing examiner's finding that Plaintiff was guilty of the misconduct alleged.  *Id.*  Even were a jury to credit Plaintiff's version of events, the guilty-finding certainly seems to undermine a reasonable conclusion that Defendants "maliciously or wantonly . . . violat[ed his] federally protected rights."  3d Cir. Model Civ. Jury Instr. 4.8.3.

As referenced, the Magistrate Judge could not properly recommend summary judgment on claims not challenged.  But Plaintiff must understand:  proceeding to trial on claims for which he cannot meet the legal standards is the definition of futility.  "Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right" otherwise uncompensable.  3d Cir. Model Jury Instr. 4.8.2.  While there is value in vindication, should the case go to trial, the Court hopes – from Plaintiff's perspective – that is enough.

As for next steps, the Magistrate Judge will enter an order referring this case to the Court's Pro Se Prisoner Mediation Program.

2

    IT IS SO ORDERED.

May 23, 2025                                                                       s/Cathy Bissoon  
                                                                                          Cathy Bissoon  
                                                                                          United States District Judge

cc (via First-Class U.S. Mail):

Fernando Nunez, Jr.  
FM8959  
SCI Houtzdale  
P.O. Box 1000  
209 Institution Drive  
Houtzdale, PA  16698-1000